NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRELLA DURAN MORALES,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 24-5018<br><br>Agency No.<br>A098-956-484<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Mirella Duran Morales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) decision affirming the Immigration

Judge's (IJ) denial of asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We deny the petition.

1. ***Forfeiture.*** Failure to "make any argument" or "meaningfully challenge" an argument in an opening brief constitutes forfeiture. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 741–42 (9th Cir. 2026). Morales's Opening Brief did not make any argument challenging the BIA's determination that her proposed particular social group (PSG) of "victim[s] of domestic violence from [the father] of [their] children" is impermissibly circular. A PSG is cognizable when it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (citation omitted). A PSG's common immutable characteristic must be an attribute that "exists independently of the harm" asserted. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020) (citation omitted). That is, where a PSG is "defined exclusively" by reference to the harm suffered by its members, such a group is "impermissibly 'circular.'" *Id.* (citation omitted). Morales's failure to challenge the BIA's determination that her asserted PSG is circular is dispositive of both her asylum and statutory withholding of removal claims. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

2. ***CAT Relief.*** We review the agency's determination that an applicant is ineligible for CAT protection for substantial evidence. *See Lalayan v. Garland*, 4

F.4th 822, 840 (9th Cir. 2021). For relief under the CAT, Morales "must prove that it is more likely than not that . . . she would be tortured if removed." *Id*. (citation omitted). She must also demonstrate that she would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (citation omitted). Acquiescence in torture may be inferred when public officials "remain[] willfully blind to it." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006).

Here, the record does not compel the conclusion that the Mexican government would acquiesce in Morales's asserted torture. Instead, Morales's country-conditions evidence demonstrates that the Mexican government is taking active measures to quell the harm Morales contends she would face if she were to be removed. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[A] [foreign] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." (citation omitted)). Because substantial evidence supports the agency's determination that Morales cannot demonstrate the Mexican government's acquiescence in her future torture, she is ineligible for protection under CAT.

**PETITION DENIED.**

24-5018